IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONDRA VILLAGOMEZ MORALES, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>R.J. VAN DRUNEN & SONS, INC. d/b/a VAN DRUNEN FARMS,<br><br>                    Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant R.J. Van Drunen & Sons, Inc. ("VDF") hereby gives notice of removal of this action from the Circuit Court of the Twenty First Judicial Circuit, Kankakee County to the United States District Court for the Central District of Illinois.

As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that Plaintiff's action constitutes a class action (as defined in 28 U.S.C. § 1332(d)(1)(B)) pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), the members of the proposed class exceed 100, there is minimal diversity between the class and VDF, and the amount in controversy exceeds $5,000,000.

**I.    STATE COURT ACTION**

On April 10, 2020, Plaintiff Alondra Villagomez Morales, on behalf of herself and all others similarly situated ("Plaintiff"), commenced this action in the Circuit Court of the Twenty First Judicial Circuit, Kankakee County, titled *Morales v. R.J. Van Drunen & Sons, Inc. d/b/a*

*Van Drunen Farms*, No. 20L49.  VDF was served with copies of the summons and complaint on April 28, 2020, copies of which are attached hereto as Exhibit 1 ("Ex. 1").

The Complaint alleges that VDF violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").  Plaintiff's proposed class consists of:

> All individuals who had their fingerprints, biometric information, and/or biometric identifiers collected, captured, received, otherwise obtained, used, distributed, or stored by R.J. Van Drunen & Sons, Inc. d/b/a Van Drunen Farms in the State of Illinois.

*Id.* at ¶25.

Based on allegations in the Complaint, Plaintiff asserts four claims: (1) violation of 740 ILCS 14/15(a) by "failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from Plaintiff and the Class," (2) violation of 740 ILCS 14/15(b)(1) by "failing to inform Plaintiff and the BIPA Class in writing that their biometric identifiers and/or biometric information were being collected and stored," (3) violation of 740 ILCS 14/15(b)(2) by "failing to inform Plaintiff and the BIPA Class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being captured, collected, stored, and/or used," and (4) violation of 740 ILCS 14/15(b)(3) by "failing to obtain written releases from Plaintiff and the BIPA Class before it collected, used, and/or stored their biometric identifiers and biometric information."  *Id.* at ¶¶42-45.

**II.    This Class Action is Removable Under the Class Action Fairness Act.**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  This action is removable because the U.S. district courts have original jurisdiction pursuant to CAFA.  CAFA confers subject matter jurisdiction where: (1) the proposed number of class members is 100 or

more; (2) the parties are minimally diverse; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

### A. The Proposed Class Consists of More Than 100 Individuals.

Plaintiff has filed a motion for class certification in the state court action seeking to certify a class of "at least 200 individuals." *See* Motion for Class Certification, attached hereto as Ex. 2, at ¶4. Accordingly, the proposed class consists of more than 100 individuals.

### B. Minimal Diversity Is Satisfied.

CAFA provides that minimal diversity exists if any member of the proposed class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Here, VDF is an Illinois corporation, but its headquarters in Momence, IL, is less than eight miles from the Indiana border. The proposed class includes anyone who "had their fingerprints, biometric information, and/or biometric identifiers collected, captured, received, otherwise obtained, used, distributed, or stored by VDF in the State of Illinois." Ex. 2, at ¶4. This definition includes VDF employees who are non-Illinois citizens and who use its timekeeping system. *See* Declaration of Stephanie J. Harris at ¶¶4-5, attached hereto as Ex. 3. Because the proposed class includes at least one non-Illinois citizen and VDF is an Illinois citizen, minimal diversity is satisfied.

### C. The Amount In Controversy Exceeds $5 Million

Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11). Plaintiff's claims meet the jurisdictional threshold set forth in § 1332(d)(6), in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

Where a complaint fails to plead a specific amount of damages or disclaim an amount of damages in excess of $5,000,000, the party seeking removal need only make a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Id.* at 448–49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

Here, Plaintiff alleges at least four separate violations of BIPA: (1) failure to publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected; (2) failure to inform in writing that biometric identifiers and/or biometric information were being collected and stored; (3) failure to inform in writing of the specific purpose and length of term for which biometric identifiers and/or biometric information was being captured, collected, stored, and/or used; and (4) failure to obtain written releases before it collected, used, and/or stored their biometric identifiers and biometric information. The complaint alleges that Plaintiff and the members of the putative BIPA Class are entitled to recover up to $5,000 in statutory damages for each of the violations. Ex. 1 at ¶46. Thus, if the putative BIPA Class exceeds 250 individuals, the amount in controversy will exceed $5 million. Over the last five years, more than 250 VDF employees who are non-Illinois citizens have used VDF's timekeeping system. *See* Ex. 4 at ¶4. Accordingly, the amount in controversy exceeds $5 million.

In sum, the amount in controversy exceeds $5 million because Plaintiff seeks up to $5,000 per violation and has alleged at least four violations for each of the more than 250 proposed class members.

### D. Venue is Proper.

The Central District of Illinois is the proper venue for this action upon removal because this "district and division embrace" the Circuit Court of the Twenty First Judicial Circuit, Kankakee County. *See* 28 U.S.C. § 1441(a).

### E. VDF Has Satisfied All Other Requirements of the Removal Procedure.

This Notice of Removal is timely filed. VDF was served with a copy of the Complaint and Summons on April 29, 2020 and VDF filed and served this Notice of Removal within 30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

True and correct copies of all process and pleadings served upon VDF are being filed herewith as Exhibits 1-2. No other pleadings, process, or orders have been filed to date in this matter in the Kankakee County Court.

Pursuant to 28 U.S.C. § 1446(d), VDF will promptly serve on Plaintiff and file with the Kankakee County Court a "Notice to Adverse Party of Removal to Federal Court."

### III. RESERVATION OF RIGHTS

VDF hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of VDF's defenses.

WHEREFORE, Defendant VDF hereby removes this case from the Circuit Court of the Twenty First Judicial Circuit, Kankakee County, where it is now pending, to this Court.

Date: May 28, 2020

R.J. Van Drunen & Sons, Inc.

By:  /s/ A. Colin Wexler

A. Colin Wexler
W. Kyle Walther
Takayuki Ono
GOLDBERG KOHN, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
312-201-4000
Colin.Wexler@goldbergkohn.com
Kyle.Walther@goldbergkohn.com
Takayuki.Ono@goldbergkohn.com

*Attorneys for R.J. Van Drunen & Sons, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2020, a copy of the foregoing document has been served via email on counsel for Plaintiff as follows:

Alejandro Caffarelli
Madeline K. Engel
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880
acaffarelli@caffarelli.com
mengel@caffarelli.com

David Fish
The Fish Law Firm P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL  60563
Tel. (630) 355-7590
dfish@fishlawfirm.com

/s/ A. Colin Wexler

A. Colin Wexler